(62 South. 629.)

No. 19,929.

B. ROSENBERG & SONS v. BOSTON SHOE STORE, Inc.

(June 9, 1913.  Rehearing Denied June 30, 1913.)

*(Syllabus by the Court.)*

CONSTITUTIONAL LAW (§ 46*) — REVIEW — CONSTITUTIONALITY OF STATUTE—NECESSITY OF DECISION.

Where a penal statute is to become effective only at a specified date in the future, it would be premature for this court to pass upon the constitutionality of the law.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 43–45; Dec. Dig. § 46.*]

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Action by B. Rosenberg & Sons against the Boston Shoe Store, Incorporated.  Judg-

ment for plaintiff, and defendant appeals. Reversed and remanded.

Edward M. Robbert, of New Orleans, for appellant.    Edgar M. Cahn, of New Orleans, for appellee.

BREAUX, C. J.    Plaintiff claims of defendant the sum of $1,238.40, with interest.

Plaintiff is a New Orleans wholesale firm, in which city is its domicile.

The defendant's domicile is also in this state.  It is in the retail shoe business.

Plaintiff sold shoes to defendant to be delivered on the first of each month for five consecutive months ending July 1, 1913. The amount of sale by plaintiff to defendant each month is about $200.

Defendant's contention is that it is not bound to pay for the shoes that it has received, nor bound to receive those that it has bought, not yet delivered for the reason that plaintiff has refused to stamp them in accordance with the requirement of act 179 of 1912, known as the "Picard Shoe Bill."

Plaintiff seeks to meet defendant's averments by contending that there is no binding enactment in the statute books under which the stamping of shoes and boots mentioned can be required.  The constitutional grounds urged by plaintiff are that it destroys a right of property and impairs obligations in violation of the Constitution of the United States as embodied in the fourteenth amendment, and contrary to article 2 of the state Constitution.  That the statute is unreasonable and confiscatory as well as discriminative.

The case was heard in the district court, and the statute was declared unconstitutional, and defendant appealed.

The statute goes into effect on the 1st day of July next.

Defendant's representations are that it specially requested the plaintiff to stamp the shoes and boots; that it would not deem it proper to offer them after the 1st of July,

and as a consequence they will be on their shelves without the possibility of effecting sales.

Plaintiff attacks the law cited above as unconstitutional.

The evidence introduced to sustain the attack is: That the public is supplied with better shoes for the price by using substitutes than they were when substitutes for leather were not used. The customers are not complaining about the grade and quality of the shoes. That, if the retailer or wholesaler be required to stamp the boot or shoe, it will be a cause of depreciation in value. If it should be unlawful to use anything but leather in the manufacture of shoes, it would increase the demand for leather and enhance the price of both leather and shoes. This would work a hardship instead of a benefit to the public, and would prohibit the manufacturer of certain low-grade shoes from manufacturing such shoes. That shoes made of poor leather wherever it can be hidden are poorer than those in which good imitations or substitutes are used. That using the counter of a heel made from hardened fiber gives the consumer better service, and produces a better finished shoe at less cost. That, unfortunately, a certain class of people cannot afford to pay more than a certain price for foot covering to protect themselves from the hardships of the weather. The evidence also goes to show, as stated in the record, that doubt is entertained whether the Louisiana Shoe Law as it now stands will ever be enforced. That every manufacturer knows, and every honest dealer of shoes will say, that there are certain substitutes which can be used in certain parts of a shoe to its advantage in place of a cheaper grade of leather, which under a strict compliance with the law would be worked in that part of the shoe. That under the new law as contemplated, it would be a temptation to use a very poor leather where other substitutes would produce better results. That the law as it now stands is a temptation to unfair manufacturers to sacrifice quality, a step backwards instead of a step forward, and will work to the detriment of the merchants and the people of the state. That the ordinary consumer knows very little of the details of manufacture; he would be prejudiced against a shoe on the bottom of which was stamped a list of articles not leather used in the manufacture.

We pause to consider whether it is proper to pass upon the question presented before the law has gone into effect and has become operative. No one is in the least injured, and it does not appear that any one need be injured, just at this time, for, if the retailer were to have a small stock of unstamped shoes and boots on hand, it would cause him no loss; the law authorizes him to stamp them.

Everything considered, we have arrived at the conclusion that a judgment at this time upon the points presented would be premature. The statute is penal in character, and it has not been possible to enforce it at all. In justice to the lawmaking power, an act should not be declared unconstitutional until conflicting interests have been heard, and until the time to put it in force has arrived. If it must be declared unconstitutional, it will be time enough after it will have been put into operation.

It is therefore ordered, adjudged, and decreed that the judgment appealed from is avoided, annulled, and reversed, and the case remanded for further proceedings according to law, at appellants' costs.